**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHRISTOPHER DELGADO,

       Petitioner,                      Civil No. 2:04-CV-73747
                                        HONORABLE DENISE PAGE HOOD
v.                                 UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

       Respondent,

_____/

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

**I.**      **INTRODUCTION**

Christopher Delgado, ("Petitioner"), presently confined at the Saginaw Correctional

Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28

U.S.C. § 2254. In his application, filed through attorneys Robert M. Morgan and Steven E.

Scharg, Petitioner challenges his conviction for one count of assault with intent to commit

murder, M.C.L.A. 750.83; and one count of possession of a firearm in the commission of a

felony [felony-firearm], M.C.L.A. 750.227b. For the reasons stated below, the petition for writ

of habeas corpus is **DENIED.**

**II.**      **FACTS**

Petitioner's counsel has provided a detailed statement of facts in his petition for writ of

habeas corpus.[1] The Court will therefore accept the factual allegations contained within the

---

[1] *See* Memorandum in Support of Petition for Leave to Reopen Habeas Corpus Proceedings and
For Writ of Habeas Corpus, pp. 2-5 [This Court's Dkt Entry # 4].

habeas petition insofar as they are consistent with the record, because Respondent has not

disputed them. *See Dickens v. Jones,* 203 F. Supp. 2d 354, 360 (E.D. Mich. 2002). Because the

facts of this case have been detailed by Petitioner's counsel, they need not be repeated here in

their entirety. Therefore, only a brief overview of the facts is required.

Petitioner was charged with shooting Chapelle Williams and Benjamin Chumley in an

after-hours club in Detroit, Michigan on November 4, 2000. The evidence against Petitioner was

based primarily on the testimony of Williams and Chumley, who identified Petitioner as their

shooter. Petitioner's defense was mistaken identification. Petitioner also presented an alibi

defense through his girlfriend Marisela Hernandez, who testified that Petitioner was with her on

the night of the shooting.

Petitioner was convicted of assault with intent to commit murder and felony-firearm with

respect to Chapelle Williams, but was acquitted of the charges involving Benjamin Chumley.

Petitioner's conviction was affirmed on appeal. *People v. Delgado,* No. 235105

(Mich.Ct.App. February 11, 2003); *lv. den.* 469 Mich. 903; 669 N.W.2d 816 (2003). Petitioner

then filed a petition for writ of habeas corpus with this Court, which was dismissed without

prejudice because Petitioner conceded in his initial habeas application that he had failed to

exhaust two of the claims contained in the petition and that he had already filed a post-conviction

motion for relief from judgment with the state courts to exhaust these claims. *Delgado v. Lafler,*

No. 2:04-CV-73747 (E.D. Mich. October 26, 2004).

Petitioner's post-conviction motion for relief from judgment was denied. *People v.*

*Delgado,* No. 00-013607 (Third Circuit Court, Criminal Division, December 2, 2004). The

Michigan appellate courts denied Petitioner leave to appeal. *People v. Delgado,* No. 261081

(Mich.Ct.App. September 23, 2005); *lv. den.* 474 Mich. 984; 707 N.W.2d 195 (2005).

On August 25, 2006, this Court permitted Petitioner to re-open the habeas proceedings.

Petitioner seeks the issuance of a writ of habeas corpus on the following grounds:

I. The trial judge gave a prejudicial instruction which both shifted the burden of proof and diminished the prosecution's burden of proof.

II. Petitioner was denied the effective assistance of counsel by the trial attorney's failure to object to the prejudicial instruction and seek a curative instruction.

III. Petitioner was additionally deprived of his Sixth Amendment right to effective assistance of counsel by trial counsel's failure to object to certain prosecutorial conduct and argument, and by defense counsel's failure to attempt to utilize an expert witness on the subject of eyewitness identification.

IV. Petitioner was deprived of a fair trial and due process of law when the trial court, in response to the jury's factual questions, directed that the direct examination of complainant Williams be given to the jury.

## III.   STANDARD OF REVIEW

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially

3

indistinguishable facts.  An "unreasonable application" occurs when the state court identifies

the correct legal principle from a Supreme Court's decision but unreasonably applies that

principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  A

federal habeas court may not find a state adjudication to be "unreasonable" "simply because that

court concludes in its independent judgment that the relevant state-court decision applied

clearly established federal law erroneously or incorrectly." *Id.* at 411.

## IV.    ANALYSIS

### A.  Claims # 1 and # 2.  The defective alibi instruction claims.

The Court will discuss Petitioner's first two claims together because they are

interrelated.  In his first claim, Petitioner contends that the trial court provided a prejudicial

instruction on the defense of alibi to the jury, which diminished the prosecutor's burden of

proof.  In his related second claim, Petitioner contends that trial counsel was ineffective for

expressing satisfaction with the instruction as given.

In support of his claim, Petitioner points to the portion of the trial court's alibi

instruction, in which the trial court judge stated:

> "If you do not have any doubt that the defendant was at the place at the time the
> crime was committed, then it would be your duty to find him guilty."

Petitioner claims that this instruction shifted the burden of proof to him to show that he

did not intend to commit the crimes or essentially allowed the jury to assume that the Petitioner

had the intent to commit the crimes.

The Michigan Court of Appeals rejected Petitioner's claims, noting that the judge's

instructions, when read in their entirety, informed the jury that the prosecution had the burden

of proving Petitioner guilty beyond a reasonable doubt.  The trial court further explained to the

4

jurors that the prosecutor had to prove that Petitioner had the specific intent to kill in order to convict him of assault with intent to murder.  The Michigan Court of Appeals found that this clearly informed the jurors that to find Petitioner guilty of the crimes, they had to find not only that he was present at the location, but that he intended to commit the crimes.  Finally, the Michigan Court of Appeals observed that had the instructions lead the jury to believe that Petitioner's presence at the crime scene was enough to convict him, they would have convicted him of both counts of assault with intent to murder, rather than the one count. *Delgado,* Slip. Op. at * 2-3.

As Petitioner acknowledges in his petition, his defense at trial was mistaken identity and alibi, not that he was present at the after-hours club but did not participate in the shootings.  A review of defense counsel's closing argument shows that Petitioner's entire defense, in fact, was to attack the reliability of the eyewitness identifications and to present an alibi witness to show that Petitioner was not present when the crimes were committed. (Tr. 4/3/2001, pp. 55-68). Perhaps the most telling comment by defense counsel was the following remark:

> "And the key element he [the prosecutor] has to prove, beyond a reasonable doubt, is identification.  Was Mr. Delgado the individual there[?]." (*Id.* at p. 57).

In addition, the trial court judge instructed the jury that the burden of proof was always on the prosecution (*Id.* at pp. 80-81).  The court then gave the following instruction:

> "They [the prosecution] have to prove that the crime was committed; and they have to prove that the defendant is the person who committed the crime."(*Id.* at p. 81).

The jury was also instructed on the presumption of innocence, the fact that the prosecutor had to prove Petitioner's guilt beyond a reasonable doubt, and that this burden never shifted.  The judge instructed the jurors that the prosecution had the burden of proving that

Petitioner was at the place where the crime was committed. The trial court judge further instructed the jurors that if they had a reasonable doubt that Petitioner was at the place where the crime was committed, it was their duty to find him not guilty. (*Id.* at pp. 81-82). Later, the judge instructed the jurors on the elements of assault with intent to commit murder, including the fact that assault with intent to commit murder required the specific intent to kill. The judge also instructed the jurors on the crime of felony- firearm. Finally, the judge instructed the jurors that they could find Petitioner guilty of all, some, or none of the crimes charged. (*Id.* at pp. 91-95).

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal. The question in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned", and an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbee*, 431 U.S. 145, 154-155 (1977). The challenged instruction must not judged in isolation but must be considered in the context of the entire jury charge. *Cupp v. Naughton*, 414 U.S. 141 (1973).

The Due Process Clause and the right to a jury trial require that criminal convictions rest upon a jury determination that the defendant is guilty of every element of the crime which he is charged beyond a reasonable doubt. *United States v. Gaudin*, 515 U.S. 506, 510 (1995). However, an erroneous jury instruction that omits an element of the offense is subject to a harmless-error analysis on habeas review. *California v. Roy,* 519 U.S. 2, 4 (1996).

6

Although Petitioner claims that the trial court judge's instruction shifted the burden of proof, Petitioner in essence is claiming that the trial court judge's instruction basically directed a verdict of guilty once the jurors were convinced that Petitioner was at the after-hours club where the shooting took place. The general rule in a criminal case is that a trial court may not direct a verdict of guilty. *Krzeminski v. Perini,* 614 F. 2d 121, 124 (6th Cir. 1980*); Schwachter v. United States*, 237 F.2d 640, 644 (6th Cir. 1956). However, when a fact is not made an issue by a defendant in a criminal trial and it is shown without controversy by the evidence, a trial judge does not commit reversible error in stating that fact to the jury. *See Malone v. United States*, 238 F. 2d 851, 852 (6th Cir. 1956).

Numerous cases have held that a trial judge does not invade the province of the jury, direct a verdict of guilty, or otherwise commit reversible error by stating that certain facts are uncontested or uncontroverted, when they have been conceded to by the defendant and are not disputed at trial. *Krzeminski,* 614 F. 2d at 125 (error in instructing jury that verdict of not guilty could not be returned, since defendant had admitted in open court that he killed victim, was harmless beyond a reasonable doubt where defense never argued that defendant should be found not guilty but, rather, argued that defendant should be found not guilty by reason of insanity or guilty of a lesser included offense); *Malone,* 238 F. 3d at 852 (charge to jury that certain essential elements of offense of aggravated bank robbery had been shown to exist was not reversible error, where such elements were not made an issue by defendant and the elements had been shown without controversy by the evidence); *United States v. Bard,* 408 F. 2d 347, 348 (6th Cir. 1969)(where defense counsel in opening statement stated that there was no question but that bank robbery occurred, and evidence was uncontroverted that robbery had

been committed by use of a handgun, district court was justified in charging that sole issue was the identity of a person who perpetrated the crime); *Smith v. Anderson,* 505 F. Supp. 642, 644 (E.D. Mich. 1980)(where no one at state trial controverted fact that armed robbery occurred and Petitioner's sole defense was that he did not participate, trial court's instruction that armed robbery took place did not offer any basis for federal habeas corpus relief).

In the present case, any error by the trial court in instructing the jurors that they must find Petitioner guilty if they believed that he was present at the crime scene was harmless in light of the fact that Petitioner's defense was mistaken identity and alibi. The jury instructions, when read as a whole, clearly instructed the jury that in order to convict Petitioner of these crimes, they not only had to find that Petitioner was present at the crime scene, but that he actually committed the crimes with the requisite intent to kill. Finally, as the Michigan Court of Appeals noted, the fact that the jury acquitted Petitioner of the assault with intent to murder and felony-firearm counts with regards to Benjamin Chumley shows that the jurors were not misled by the trial court's isolated instruction into believing that they must convict Petitioner simply on the basis of his mere presence at the crime scene. Petitioner is not entitled to habeas relief on his first claim.

The Court also rejects Petitioner's related ineffective assistance of counsel claim. To prevail on his ineffective assistance of counsel claim, Petitioner must show that the state court's conclusion regarding his claim was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the Petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient

performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

In the present case, as mentioned above, the instructions in their entirety did not

impermissibly shift the burden of proof or direct a verdict for the prosecution, nor did they

mislead the jury into believing that they must convict Petitioner if they were convinced that he

was present at the scene. Because Petitioner was not prejudiced by any possible misstatement

of the burden of the proof by the trial court's isolated instruction, counsel was not ineffective

for failing to object to the instruction. *See e.g. United States v. Edwards,* 215 Fed. Appx. 417,

422 (6th Cir. 2007). Petitioner is not entitled to relief on his second claim.

**B.  Claims # 3 and # 4.  The procedurally defaulted claims.**

Petitioner claims in his third claim that trial counsel was ineffective for failing to object

to various instances of prosecutorial misconduct and for failing to obtain an expert on the issue

of eyewitness identification. In his fourth claim, Petitioner contends that the trial court erred in

ordering that Chapelle Williams' direct examination testimony be provided to the jury.

Respondent contends that these two claims are procedurally defaulted, because

Petitioner raised these claims for the first time in his post-conviction motion and failed to show

cause and prejudice for failing to raise these claims in his appeal of right, as required by M.C.R.

6.508(D)(3).

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a

defendant if the motion for relief from judgment alleges grounds for relief which could have

been raised on direct appeal, absent a showing of good cause for the failure to raise such

grounds previously and actual prejudice resulting therefrom.

The first question before this Court is whether Petitioner's third and fourth claims are

procedurally defaulted. One difficulty with making this determination is that the trial court, when denying Petitioner's third and fourth claims on post-conviction review, denied Petitioner's claims pursuant to M.C.R. 6.508(D)(2), having erroneously determined that Petitioner had already raised these claims in his appeal of right.

The trial court's erroneous invocation of 6.508(D)(2) to deny Petitioner post-conviction relief does not preclude a finding that Petitioner's third and fourth claims are procedurally defaulted pursuant to 6.508(D)(3) for several reasons. First, in his initial habeas petition filed with this Court in 2004, Petitioner conceded that these two claims were unexhausted, because they had never been raised as part of Petitioner's direct appeal. Petitioner further indicated that he had filed a post-conviction motion pursuant to 6.508)(D) to exhaust these claims with the state courts.[2] This Court, in fact, dismissed the petition without prejudice so that Petitioner could return to the state courts to exhaust these claims in his post-conviction motion. In his post-conviction applications for leave to appeal to the Michigan Court of Appeals and the Michigan Supreme Court, Petitioner argued to the Michigan appellate courts that the trial court incorrectly rejected what now make up Petitioner's third and fourth claims on the mistaken assumption that they had been raised on Petitioner's direct appeal, when they were, in fact, being raised for the first time on Petitioner's post-conviction motion. Petitioner, in fact, expressly invoked the cause and prejudice provisions of 6.508(D)(3) when discussing his fourth claim on his post-conviction appeals.[3] Moreover, when Petitioner moved to re-open his

---

[2] *See* Petition for Writ of Habeas Corpus, p. 18 [This Court's Dkt. Entry # 1].

[3] *See* Application for Leave to Appeal to the Michigan Supreme Court, pp. 10, 12-13 [This Court's Dkt. # 14]; Application for Leave to Appeal to the Michigan Court of Appeals, pp. 8, 10-11 [This Court's Dkt. # 15].

10

petition, he indicated that his third and fourth claims had been presented in his post-conviction

motion for relief from judgment. [4]  Finally, the Michigan appellate courts denied Petitioner's

post-conviction appeal pursuant to 6.508(D), after having been apprised by Petitioner in his

post-conviction appeals that these claims had not been raised on his appeal of right.

In light of the fact that Petitioner conceded in his initial habeas petition that his third and

fourth claims had not been raised before the Michigan appellate courts on direct review, as well

as the fact that Petitioner brought up the fact before the Michigan courts in his post-conviction

pleadings that these claims had not previously been raised before on direct review so as to

persuade them to grant him post-conviction relief, the trial court's erroneous invocation of

6.508(D)(2) to deny Petitioner's post-conviction motion would not prevent this Court from

procedurally defaulting Petitioner's third and fourth claims based on Petitioner's failure to

comply with the provisions of M.C.R. 6.508(D)(3). *See Hicks v. Straub,* 377 F. 3d 538, 552, n.

14 (6th Cir. 2004).  Furthermore, the Michigan appellate courts' invocation of 6.508(D) to deny

Petitioner post-conviction relief was sufficient, under these circumstances, to constitute a

procedural default of Petitioner's claims pursuant to 6.508(D)(3). *Id.* at 557 *(citing Burroughs v.*

*Makowski*, 282 F.3d 410, 413-14 (6th Cir. 2002); *Simpson v. Jones*, 238 F.3d 399, 407-08 (6th

Cir. 2000)).  The Michigan Supreme Court found that Petitioner "failed to meet the burden of

establishing entitlement to relief under M.C.R. 6.508(D)." *People v. Delgado*, No. 129782

(Mich.S.Ct. December 27, 2005)/

When the state courts clearly and expressly rely on a valid state procedural bar, federal

habeas review is also barred unless Petitioner can demonstrate "cause" for the default and actual

---

[4]  *See* Motion to Reopen, pp. 2-3 [This Court's Dkt. Entry # 4].

prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to

consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*,

501 U.S. 722, 750-51 (1991).  If a Petitioner fails to show cause for his procedural default, it is

unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533

(1986).  However, in an extraordinary case, where a constitutional error has probably resulted in

the conviction of one who is actually innocent, a federal court may consider the constitutional

claims presented even in the absence of a showing of cause for procedural default. *Murray v.

Carrier*, 477 U.S. 478, 479-80 (1986).  However, to be credible, such a claim of innocence

requires a Petitioner to support the allegations of constitutional error with new reliable evidence

that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Actual innocence,

which would permit collateral review of a procedurally defaulted claim, means factual

innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In the present case, Petitioner has failed to allege any reasons to excuse his procedural

default.  Because Petitioner has not alleged or demonstrated any cause for his procedural

default, it is unnecessary to reach the prejudice issue regarding his third and fourth claims.

*Smith*, 477 U.S. at 533; *See also Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003).

Petitioner has not presented any new reliable evidence to support any assertion of

innocence which would allow this Court to consider Petitioner's third and fourth claims as

grounds for a writ of habeas corpus in spite of the procedural default.  Because Petitioner has

not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of

justice will not occur if the Court declined to review Petitioner's third and fourth claims on the

merits. *See Malcum,* 276 F. Supp. 2d at 677.  Petitioner's third and fourth claims are

procedurally defaulted.

**V.    CONCLUSION**

Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH**

**PREJUDICE.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  April 30, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager